# United States Court of Appeals for the Federal Circuit

---

WILLIAM A. CLARK, JAMES P. DAVERN, ROBERT
E. FREEBURG,
WILLIE R. JOHNSON, ROBERT A. MUSTIN,
CAROL RISSER, JOHN DOES 1-4,
AND JANE DOES 2-3, INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,
*Plaintiffs-Appellants,*

v.

UNITED STATES,
*Defendant-Appellee.*

---

2011-5003

---

Appeal from the United States Court of Federal
Claims in case no. 00-CV-644, Judge Nancy B. Firestone.

---

Decided: August 29, 2011

---

JERROLD J. GANZFRIED, Howrey, LLP, of Washington,
DC, argued for plaintiffs-appellants. With him on the
brief was JOHN F. STANTON. Of counsel on the brief was
STEVEN L. NICHOLAS, Cunningham Bounds, LLC, of
Mobile, Alabama.

DOUGLAS K. MICKLE, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRYANT G. SNEE, Deputy Director. Of counsel on the brief were JOHN G. DOYLE, United States Army, Litigation Division, Military Personnel Branch, of Arlington, Virginia, JOHN S. GOEHRING, United States Air Force, General Litigation Division, of Arlington, Virginia, and MAXIMINO GONZALEZ, JR., National Guard Bureau, Office of Chief Counsel, of Arlington, Virginia.

--------

Before RADER, *Chief Judge*, PROST and O'MALLEY, *Circuit Judges*.

RADER, *Chief Judge*.

In a class action by National Guard members, the United States Court of Federal Claims found on summary judgment that plaintiffs were not eligible to receive compensation for time spent taking correspondence training courses under 37 U.S.C. § 206. *Clark v. United States*, 93 Fed. Cl. 756 (Fed. Cl. 2010). Because the Court of Federal Claims correctly interpreted the scope of this court's mandate and properly granted summary judgment in favor of the government, this court affirms.

I

William A. Clark ("Clark") is a retired staff sergeant in the Alabama National Guard. In 2000, Clark filed a class action complaint in the Court of Federal Claims on behalf of himself and other similarly situated Army and Air National Guard members. Clark alleged that the Secretary of the Army and the Secretary of the Air Force required him and the other National Guard members to

take certain correspondence courses to keep their positions or to advance in rank. Therefore, he sought compensation for the time spent taking these required courses. At the time Clark filed his complaint, 37 U.S.C. § 206 provided:

   (a) *Under regulations prescribed by the Secretary concerned*, and to the extent provided for by appropriations, *a member of the National Guard* or a member of a reserve component . . . *is entitled to compensation . . .*

      (1) for each regular period of instruction, or period of appropriate duty, at which the member is engaged for at least two hours, including that performed on a Sunday or holiday;

      (2) *for the performance of such other equivalent training*, instruction, duty, or appropriate duties, *as the Secretary may prescribe . . . .*

   (b) The regulations prescribed under subsection (a) for each uniformed service, the National Guard, and each of the classes of organization of the reserve components within each uniformed service, may be different. *The Secretary concerned shall*, for the National Guard and each of the classes of organization within each uniformed service, *prescribe —*

      (1) *minimum standards that must be met before* an assembly for drill or other *equivalent period of training*, instruction, duty, or appropriate duties *may be credited for pay purposes . . . .*

> (d) *This section does not authorize compensation for work or study performed by a member of a reserve component in connection with correspondence courses of an armed force.*

37 U.S.C. § 206 (1997) (emphases added).

National Guard members of each state must also enlist as members of the National Guard of the United States, a reserve component of the Army and the Air Force. 10 U.S.C. § 12107(b)(1). The trial court found that Clark was a member of a reserve component and held that § 206(d) barred him from receiving compensation. *Clark v. United States*, 50 Fed. Cl. 727, 732 (Fed. Cl. 2001). Accordingly, the trial court dismissed the complaint for failure to state a claim upon which relief could be granted. *Id.* at 734.

On appeal, this court reversed, holding that "members of the National Guard only serve the federal military when they are formally called into the military service of the United States. At all other times, National Guard members serve solely as members of the State militia under the command of a state governor." *Clark v. United States*, 322 F.3d 1358, 1366 (Fed. Cir. 2003). Because Clark had not been formally called into the military service of the United States, he was not a member of a reserve component when taking the correspondence courses. Accordingly, this court concluded that "37 U.S.C. § 206(d) does not bar Mr. Clark's claim for compensation and that, as a matter of law, his complaint is sufficient to state a cause of action under 37 U.S.C. § 206(a)." *Id.* at 1368.

In this earlier appeal, the government had also argued that § 206(a) only mandates compensation when the Secretary of the Army has prescribed payment for equivalent training. Without authorization from the Secretary

for payment for the time spent taking required correspondence courses, the government maintained that Clark was not entitled to compensation. This court rejected that argument, explaining that "Section 206(a)(2) requires payment for equivalent training that the Secretary prescribes. It does not require that the Secretary prescribe payment." *Id.* This court remanded the case to the Court of Federal Claims for Clark to "establish which classes the Secretary of the Army required, if any, and which classes he took to satisfy those requirements. Moreover, he must establish the amount of compensation he is due under the statute." *Id.*

On remand, Clark amended his complaint to add several additional plaintiffs. While this case was proceeding, Congress amended 37 U.S.C. § 206(d) twice. In 2006, Congress amended § 206(d) to provide that "this section does not authorize compensation for work or study performed by a member of a reserve component *or by a member of the National Guard while not in Federal service* in connection with correspondence courses of a uniformed service," thus making clear that National Guard members would not be compensated for taking correspondence courses. Nat'l Def. Authorization Act for Fiscal Year 2006, Pub. L. No. 109-163, § 604, 119 Stat. 3287 (emphasis added). A few months later, Congress made this amendment retroactive with an effective date of September 7, 1962. Nat'l Def. Authorization Act for Fiscal Year 2007, Pub. L. No. 109-364, § 607, 120 Stat. 2083, 2247. In response, plaintiffs amended their complaint to add a Takings Clause claim, contending that retroactive application of these amendments entitled them to compensation for the taking of their vested rights.

The government moved to dismiss the second amended complaint based on Congress's amendment of

§ 206(d). Due to the constitutional issues raised by the plaintiffs regarding these amendments, the trial court denied the motion as premature, reasoning that it should first determine whether plaintiffs would have been entitled to compensation under § 206(a) prior to amendment. *Clark v. United States*, No. 00-CV-644, 2007 WL 2142652, at *7 (Fed. Cl. July 17, 2007).

At the conclusion of discovery, the parties filed cross motions for summary judgment. The trial court found that the prescribed regulations only authorized compensation when training took place pursuant to written orders placing the National Guard member in the proper duty status. Because the undisputed facts established that plaintiffs did not complete correspondence courses under written orders, the court granted the government's motion for summary judgment and denied plaintiffs' motion for summary judgment. The trial court entered judgment in favor of the government, and plaintiffs timely appealed. This court has jurisdiction under 28 U.S.C. § 1295(a)(3).

II

The Court of Federal Claims held that the mandate rule did not bar its consideration of the government's argument that compensation under 37 U.S.C. § 206 is due only when the plaintiffs can show that they met minimum requirements set forth in prescribed regulations. On that basis, the trial court granted summary judgment to the government. This court reviews both the grant of summary judgment and the interpretation of its own mandate without deference. *Small v. United States*, 158 F.3d 576, 580 (Fed. Cir. 1998) (summary judgment); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1355 (Fed. Cir. 2009) (en banc) (interpretation of mandate).

"The mandate rule provides that issues actually decided on appeal—those within the scope of the judgment appealed from, minus those explicitly reserved or remanded by the court—are foreclosed from further consideration." *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008). This rule also precludes reconsideration of issues necessarily decided by implication in the earlier decision. *Id.* at 1364.

The trial court correctly interpreted this court's mandate. The earlier appeal focused on whether Clark was a member of a reserve component such that § 206(d) would bar him from receiving compensation. This court's 2003 opinion did not express an ultimate view on the merits of Clark's claim for compensation under § 206(a); rather, this court remanded the case "for proceedings on the merits of Mr. Clark's claim for compensation under section 206(a)." *Clark*, 322 F.3d at 1369.

The government's minimum requirements argument was not raised before this court in the earlier appeal. Previously, the government had argued that compensation was only due under § 206(a) when the Secretary has affirmatively acted to prescribe, not only equivalent training, but also payment for such training. *See* Def.-Appellee Br., *Clark v. United States*, 322 F.3d 1358 (Fed. Cir. 2003) (No. 02-5062), 2002 WL 32817234 at *33 (asserting that "Clark's failure to identify a mandatory statute or regulation that entitles him to relief is completely dispositive of his entitlement to relief"). This court rejected this argument, explaining that "Section 206(a)(2) requires payment for equivalent training that the Secretary prescribes. It does not require that the Secretary prescribe payment." *Clark*, 322 F.3d at 1368. On remand, the government made a different argument—that compensation for equivalent training is only due when the minimum standards for payment, set forth in regulations

prescribed by the Secretary, have been met.  In other words, the government has not simply repackaged its earlier position (that compensation is not due because the Secretary has not affirmatively prescribed regulations authorizing payment).  Instead, the government now contends that compensation is not due because the plaintiffs have not met minimum requirements for payment set forth in regulations prescribed by the Secretary.  As the trial court correctly explained:

> The Federal Circuit read Section 206(a)(2) to mean that the Service Secretaries are not required by law to specifically prescribe payment of correspondence courses by regulation.  However, the Federal Circuit did not state that the Service Secretaries were precluded by Section 206 from establishing prerequisites for payment of training courses generally.

*Clark*, 93 Fed. Cl. at 768.

Because the government's minimum requirements argument was not decided by this court in the earlier appeal, the mandate rule did not preclude the trial court's consideration of this argument on remand.  *See Amado*, 517 F.3d at 1360 (mandate rule limited to "issues actually decided on appeal").  For the same reason, the law-of-the-case doctrine did not bar the trial court's holding on remand. *See Liquid Dynamics Corp. v. Vaughan Co., Inc.*, 449 F.3d 1209, 1220 (Fed. Cir. 2006) ("Issues not decided by the court in a prior proceeding are not covered by the law-of-the-case doctrine.").

## III

The Court of Federal Claims also did not err in granting summary judgment that plaintiffs are not entitled to compensation under 37 U.S.C. § 206.  Section 206(a)

provides that National Guard members may receive compensation for training "[u]nder regulations prescribed by the Secretary concerned." Section 206(b) specifically references "[t]he regulations prescribed under subsection (a)" and states that "[t]he Secretary concerned shall . . . prescribe . . . minimum standards that must be met before an . . . equivalent period of training . . . may be credited for pay purposes." The statute thus unambiguously provides the Secretary with discretion to prescribe minimum requirements for payment.

37 U.S.C. § 101(5) defines "Secretary concerned" to mean "the Secretary of the Army, with respect to matters concerning the Army" and "the Secretary of the Air Force, with respect to matters concerning the Air Force." The record shows that the Secretary of the Army and the Secretary of the Air Force delegated the authority to promulgate regulations relating to the Army National Guard and the Air National Guard to the National Guard Bureau. *See, e.g.*, Pls.' Br. Supp. Opp. Def.'s Mot. Summ. J. & Cross Mot. Summ. J. at 8 n.4, *Clark v. United States*, No. 00-CV-644 (Fed. Cl. Oct. 14, 2009), ECF No. 252-1; Supplemental Br. Supp. Pls.' Mot. for Summ. J. at 4 n.3, *Clark v. United States*, No. 00-CV-644 (Fed. Cl. May 7, 2010), ECF No. 265-1. Thus, the National Guard Bureau promulgated the regulations prescribed by the "Secretary concerned." The National Guard Bureau prescribed Air National Guard Instruction 36-2001 ("ANGI 36-2001") and National Guard Regulation (Army Regulation) 350-1 ("NGR (AR) 350-1"). Under these regulations, a member of the Air or Army National Guard is not entitled to receive payment for training unless the training took place under written authorization placing him or her into a pay duty status. *See* ANGI 36-2001, Management of Training and Operational Support Within the Air National Guard (Jan. 15, 1997) at ¶ 1.10; NGR (AR) 350-1,

Training: Army National Guard Training (June 3, 1991) at ¶ 2-1(c).

The trial court found that "[t]he undisputed facts establish that none of the plaintiffs received written orders or authorizations from their state commanders in connection with any of the correspondence courses they took. Thus, none of them were placed in a duty status necessary for federal payment." *Clark*, 93 Fed. Cl. at 778. The record puts this factual finding beyond dispute. Because the regulations prescribed by the National Guard Bureau require written orders placing a National Guard member in a pay duty status as a prerequisite to payment for training, the trial court did not err in granting summary judgment that plaintiffs were not entitled to compensation under § 206(a). Accordingly, the judgment below is

## AFFIRMED.

### COSTS

Each party shall bear its own costs.